[No. 15315.   Department Two.   July 30, 1919.]

ANNA DOWNING, *Appellant*, v. PERRY A. DOWNING, *Respondent*.[1]

APPEAL (316, 317)—BILL OF EXCEPTIONS—CERTIFICATE AS TO ALL THE EVIDENCE. In the absence of a statement of facts certified to contain all the evidence, in cannot be said that the superior court abused its discretion in awarding the custody of children in a divorce action, or in refusing to modify the order, upon hearing an application considered to give opportunity for further evidence.

Appeal by plaintiff from a judgment of the superior court for Pacific county, Hewen, J., entered June 7, 1917, upon findings in favor of the plaintiff, in an action for divorce; also from an order entered June 16, 1917, denying modification of the decree respecting the custody of children.  Affirmed.

*Fred M. Bond*, for appellant.

*Welsh & Welsh*, for respondent.

PARKER, J.—This is a divorce action.  Mrs. Downing has appealed from the decree of divorce rendered

[1]Reported in 182 Pac. 561.

therein by the superior court for Pacific county, and seeks reversal of that decree in so far as it awards the custody of two of the children to Mr. Downing; and has also appealed from an order entered by the same court, the same judge presiding, denying her application for a modification of the decree in that particular.

On June 7, 1917, at the conclusion of the trial of the main action upon the merits, the trial court made findings and conclusions, finding, among other things, "that each of them (Mr. and Mrs. Downing) is a fit and proper person to have the care and custody of the issue of their marriage." There are seven children, the issue of their marriage, the youngest of whom was, at the time of the trial, four months old, and the oldest of whom was then thirteen years old. On the same day of the making of its findings and conclusions, the court entered its decree of divorce, awarding the custody of five of the children to Mrs. Downing and awarding the custody of two of the children, aged seven and eleven years, respectively, to Mr. Downing. A few days following the entry of decree so disposing of the custody of the children, Mrs. Downing applied to the court for a modification of the decree in so far as it awarded the custody of the two children to Mr. Downing. This application came on for hearing before the court, the same judge presiding, which hearing resulted in the entry of an order by the court denying the application on June 16, 1917, which it will be noticed, was but nine days after the entry of the decree.

The record before us does not contain any statement of facts furnishing any information as to what evidence was introduced upon the trial of the main action. A bill of exceptions was settled and signed by the trial judge at the instance of counsel for Mrs. Downing, making of record in the case certain evidence introduced upon the hearing of her application for a modi-

fication of the decree. Even this bill of exceptions does not purport to contain all the evidence introduced upon that hearing. In its beginning, it states only that "the following proceedings and matters were had and occurred, and the following testimony introduced"; following which there are eleven typewritten pages of testimony, and concludes: "And because the foregoing matters and things do not all appear of record, the court has signed, sealed and certified the foregoing bill of exceptions." It is signed by the trial judge, but there is no certificate by the judge that it "contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein," (See Rem. Code, § 391), even as to matters and proceedings occurring upon the hearing of Mrs. Downing's application to modify the decree touching the custody of the two children.

This condition of the record renders it at once apparent that we are unable to say that the trial court abused its discretion in awarding the custody of the two children to Mr. Downing or in refusing to modify the decree. The record before us renders it plain that the hearing upon the application for a modification of the decree was considered by the court simply as giving Mrs. Downing an opportunity to introduce further evidence touching the question of the custody of the two children, such evidence to be considered with other evidence already introduced upon the trial of the main action but a few days before that hearing. There was some evidence introduced upon the hearing of Mrs. Downing's application for a modification of the decree, as shown by the bill of exceptions, from which it could be argued with some show of reason that the two children should have been awarded to her and not to Mr. Downing, but we have no way of knowing but what there was other evidence introduced upon the trial of

the main case, and even upon the hearing for modifica-
tion of the decree, proper to be considered by the trial
court, which would be ample to show that the court did
not abuse its discretion in entering either the decree or
the order refusing to modify the decree. No other
question is presented by the assignments of error.

The decree and order are both affirmed.

HOLCOMB, C. J., FULLERTON, and MOUNT, JJ., concur.