## SCOTT, ET AL. v. WYOMING ROCK PRODUCTS CO., ET AL.*

(No. 1412; February 14, 1928; 264 Pac. 86)

APPEAL AND ERROR—JURISDICTION—DISMISSAL.

1. Filing of the record for appeal in district court within time allowed by Comp. St. 1920, § 6404, is necessary to give the Supreme Court jurisdiction of the appeal.

2. Where record shows that record on appeal which, under Comp. St. 1920, § 6406, includes certified copies of journal entries, was not filed with the clerk of the district court for more than 70 days after entry of order appealed from, as required by section 6404, nor time therefor extended or enlarged, appeal must be dismissed.

3. Where clerk had not certified copies of journal entries within 70 days allowed by Comp. St. 1920, § 6404, for filing record, record was not timely completed by filing specification of errors and clerk's certificate of original papers within statutory time.

*See Headnotes: (1) 4 C. J. p. 469 n. 6. (2, 3) 4 C. J. p. 470 n. 7; p. 479 n. 66 New.

APPEAL from District Court, Natrona County; BRYANT S. CROMER, Judge.

Action by H. L. Scott and another, doing business as Scott & Curlee, against the Wyoming Rock Products Company and others. From an order overruling plaintiffs' motion to vacate the judgment, plaintiffs appeal.

*Ambrose Hemingway* and *A. D. Alsup,* for appellants.

The judgment and order rendered on February 16th was valid, and not having been vacated or set aside, the judgment of March 3rd entered on March 11th, 1926 was invalid, since it attempted to vacate the judgment of February 16th. Secs. 5875, 5893, 5894, 5896, 5900 C. S.; Daley v. Anderson, 7 Wyo. 1; Hahn v. Bank, 25 Wyo. 467; Freeman on Judgments, Sec. 46-49; Brown v. Court, 234 Pac.

409; 34 C. J. 175-182; 15 R. C. L. Sec. 11. The oral rendition of the judgment at the termination of the trial was valid as between the parties, except perhaps the right of appeal, even though the same had never been reduced to writing nor signed by the trial judge. The judgment of March 3rd attempted, at a subsequent term, to vacate a valid judgment rendered on February 16, 1926; our statute regulates the setting aside of a judgment, Ch. 370 C. S.; Sec. 5923-27; Brennan v. Co., 29 Wyo. 116; O'Keefe v. Foster, 5 Wyo. 343; McGinnis v. Beatty, 28 Wyo. 328; 34 C. J. Sec. 437, Judgments; Anderson v. Co., (Nebr.) 79 N. W. 612; U. S. v. Sixty-five Cases, etc., 254 Fed. 211; McLeod v. Co., (Ala.) 102 So. 597; State v. Court, 176 Pac. 608; U. S. v. Mayer, 235 U. S. 55; Freeman on Judgments, p 381.

*Hagens & Murane,* for defendant Gantz.

The record on appeal was filed more than seventy days after the entry of the judgment or order appealed from, which was too late, 6404 C. S.; the court was without authority to extend the time by order made after the seventy-day period. Thomas v. Bivin, 32 Wyo. 479; 6406 C. S. Affidavits filed in the case are not part of the original papers and constitute no part of the record, Improvement Co. v. Bradley, 6 Wyo. 171; Bank v. Sorensen, 30 Wyo. 136. A judgment is defined by statute, 5875 C. S. All judgments and orders must be entered on the journal, 5900 C. S. The statute is mandatory, Coe v. Erb, (Ohio) 52 N. E. 640; Eldridge v. Barrere, (Ohio) 78 N. E. 516; Comm. v. Musselli, (Ohio) 130 N. E. 32; Freeman (5th ed.), Sec. 194; Webber v. Webber, (Ohio) 51 N. E. 116. Even after the term the trial judge who finds after signing a judgment that he has labored under mistake or misapprehension, may vacate the judgment. 1 Freeman on Judgments, Sec. 220.

*Ambrose Hemingway* and *A. D. Alsup,* in reply.

The record on appeal was in fact filed with the clerk on July 12, 1926; the clerk's certificate shows that fact; evidently the clerk did not sign it until August 20th, 1926 but the record shows it to have been prepared in June, 1926. In this case the single question is whether the judgment and order rendered by the court on the 16th of February was ever lawfully vacated. We contend that it was not.

*Per Curiam.*

This appeal is from an order, entered May 29, 1926, overruling appellants' motion to vacate a judgment previously entered.

The interested respondent suggests our lack of jurisdiction by pointing out that the record on appeal was not filed with the clerk of the district court until August 20, 1926, more than 70 days after the entry of the order appealed from. The statute (Sec. 6404, Wyo. C. S. 1920) provides:

"The appellant shall be entitled as a matter of right to seventy days after the entry of the judgment or order appealed from within which to prepare and file with the clerk of the district court a record for the appeal, which time may be by the court or the judge thereof, extended or enlarged for cause shown."

In this case, the 70 days allowed as a matter of right by the statute was not extended or enlarged. It is well settled that the filing of the record for the appeal in the district court within the time allowed is necessary to give this court jurisdiction of the appeal. Berry v. Sample, 28 Wyo. 272, 203 Pac. 257, and cases cited. If, as contended by respondent, the record for the appeal was not filed until August 20, it is clear that the appeal must be dismissed.

The record is endorsed with the filing stamp and signature of the clerk of the district court, showing that it was "filed Aug. 20, 1926." There is no statement in the record of a different date of filing the record for the appeal. The appellants, however, contend that an examination of the record shows that it was filed July 12, 1926. This contention, in our opinion, is not borne out by the record.

The record shows that the specifications of error were served and filed July 12, and that, on the same day, the clerk certified to the "original papers" filed in the case. This certificate follows what apparently are all the papers previously filed in the case, including the specifications of error. Following this certificate are two copies of a "notice of specifications of error," which show that the clerk in writing notified the judge that the "specifications of error" were "perfected and filed" in the office of the clerk on July 12. Neither the certificate to the original papers, nor the notice to the judge, contains any reference to the record for the appeal. Following the "notice of specifications of error," are copies of the journal entries certified and filed by the clerk on August 20. It is quite apparent that when the certified copies of the journal entries were so filed, the papers were all fastened together and labeled and filed as the record for the appeal. We cannot hold that the record was filed at an earlier date. The certification on July 12 of the papers then on file did not complete the record for the appeal. The certified copies of the journal entries are a part of that record. Sec. 6406, C. S. 1920. Their inclusion is a part of the preparation of the record.

When, in Goodrich v. Big Horn Co. Bank, 26 Wyo. 490, 177 Pac. 134, it was contended that inasmuch as the transcript of the evidence was filed with the clerk of the district court within 70 days, the appeal was perfected in time, the court said:

"But a transcript of the evidence, when necessary, is only a part of the record on appeal, and it together with the original pleading, motions, etc., are required to be attached together and the whole record to be paged and numbered consecutively, and shall constitute the record on appeal,  *  *  *.  It is such a record, as we construe the statute, which is required to be prepared and filed within seventy days after the entry of the judgment or order appealed from, which time may be extended by the court or judge for cause shown."

And in Berry v. Sample, supra, a similar contention was made.  The transcript of the evidence was filed within the time, which expired August 25, 1919.  The court said:

"But the record on appeal, which includes such transcript, the pleadings and certified copies of the journal entries, was not filed until November 21, 1919, as appears by the official filing mark thereon of the clerk of the district court.  And it is evident that the record was not made up in condition to be filed earlier than October 18, 1919, for the clerk's certificate to the several journal entries, including the journal entry of the judgment, the judgment itself as rendered, and the final certificate to the record are each dated October 18, 1919."

So, in the case at bar, it is evident that the record was not made up in condition to be filed earlier than August 20, the day when the copies of the journal entries were certified and filed.  This record contains no final certificate as required by section 6406, supra, but we need not speak of the effect of that omission.  Such a certificate in this case would necessarily be dated August 20.

The appeal is dismissed.