## W. H. HOLLIDAY v. BUNDY, ET AL.
(No. 1616; July 2, 1930; 289 Pac. 1094)

For the plaintiff and respondent there was a brief by *Corthell, McCollough & Corthell,* of Laramie, Wyoming, and oral argument by *Mr. A. W. McCollough.*

For the appellant there was a brief and oral argument by *James A. Greenwood,* of Cheyenne, Wyoming.

RINER, Justice.

An examination of the record in this case, brought here by direct appeal, compels us to mention certain vital matters which go directly to the power of this court to entertain the proceeding, though they have not been drawn to our attention by counsel.

First, the record does not show by the certificate of the Clerk of the District Court of Albany County, the proper custodian of the journal of that court, that any judgment was ever entered thereon in the cause. There is a statement in the record that on September 26, 1929—one of the regular days of the September term of the Albany County District Court—"the following, among other proceedings, were had in said District Court, to-wit:", and there is then set forth a form of judgment signed by the district judge, which bears a filing mark of the clerk. There is on this form of judgment, at the foot of the first page thereof, in some person's hand writing, also the statement "entered in Dist Court Record "W" page 288." But neither of these statements has attached to it the signature of the clerk or any signature whatsoever. In brief, no transcript of journal entries of the judgment, duly certified by the proper officer, appears anywhere in the record.

It has been repeatedly decided by this court concerning the procedure by direct appeal that to establish our juris-

diction to consider a cause brought here by that method, the fact of the entry of the judgment appealed from, as distinguished from the rendition or making thereof, and the date of the entry, shall be shown by the record. See Goodrich v. Bank, 26 Wyo. 42, 44, 174 Pac. 191; Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 894, 172 Pac. 705.

In Faulkner v. Faulkner, 27 Wyo. 62, 191 Pac. 1068, 1069, referring to the two cases last mentioned, it was said:

"The record in the present case, like those in the cases cited, contains no journal entry of the judgment or decree, but simply a form of decree signed by the judge, without any transcript of the journal showing that it was ever entered, or, if a decree was in fact entered, when it was entered, or what it was. Even if the record in the present case had been properly certified so that it could be considered by this court, the fact that it contains no transcript of any journal entry showing the entry of any judgment or decree, requires the dismissal of the appeal. Following the decisions in the cases above cited, the appeal is dismissed."

These rulings were again followed in Barnett v. Finance Association, 38 Wyo. 511, 268 Pac. 1025, where the following language was used:

"If the entry of record is actually shown, the date may be presumed to be that of the rendition, or the date which it bears. Coffee v. Harris, 27 Wyo. 394, 197 Pac. 649; Thomas v. Biven, 32 Wyo. 478, 235 Pac. 321. But as already stated, there is nothing in the record on appeal before us showing that the paper purporting to be a judgment was ever actually entered of record. The motion to dismiss must accordingly be sustained."

Again, Section 6406, Compiled Statutes of Wyoming 1920, relating to the record on appeal, requires the clerk of the District Court to prepare a "record on appeal which

64

shall consist of" certain specified papers and documents, embracing also "certified copies of the journal entries, including the entry of the judgment or order appealed from," all of which must be "securely attached together in their chronological order." The statute then declares: "When so prepared the whole of such record shall be paged and numbered consecutively and shall be certified to by the clerk of the District Court as *true* and *correct* and filed in his office." (Italics are ours.)

In the record at bar there appear neither any certified copies of the journal entries nor any certified copy of the judgment appealed from. It is true that the certificate of the clerk near the end of the record states that it includes "certified copies of the journal entries," but the fact is otherwise.

Following prior decisions of this court, the case of Scott et al. v. Rock Products Co., 37 Wyo. 527, 264 Pac. 86, held first that the filing of the record on appeal in the District Court within the time allowed by the Statute of Wyoming 1920, Section 6404, was necessary to give this court jurisdiction on appeal. The second and third syllabi preceding the opinion in that case outline succinctly the other points covered by it, and are as follows:

"2. Where record shows that record on appeal which, under Comp. St. 1920, Sec. 6406, includes certified copies of journal entries, was not filed with the clerk of the District Court for more than 70 days after entry of order appealed from, as required by Section 6404, nor time therefor extended or enlarged, appeal must be dismissed.

"3. Where clerk had not certified copies of journal entries within 70 days allowed by Comp. St. 1920, Sec. 6404, for filing record, record was not timely completed by filing specification of errors and clerk's certificate of original papers within statutory time."

Of similar purport is the case of Woodruff v. Cokeville Light & Power Co., 38 Wyo. 70, 264 Pac. 704, where the transcript of testimony in the cause had been omitted

from the record and not filed with the clerk until after the lapse of the time allowed by the statute for doing so, and the appeal was dismissed for want of jurisdiction on the part of this court to consider it.

Further, there is no certificate of the clerk attached to the record before us, that the same is "true and correct," as the law requires. Omitting the formal introductory part and the testimonium clause of his certificate, the clerk certifies that: "the foregoing record consisting of pages 1 to 139 inclusive, are all of the Original Proceedings had in this Court, The Original Transcript of Evidence, as prepared by Fred C. Lebhart, Official Court Reporter of The Second Judicial District, State of Wyoming, the Certificate of Fred C. Lebhart, Official Court Reporter of the Second Judicial District, State of Wyoming, The Certificate of the Clerk of the District Court of the Second Judicial District, in and for the County of Albany, State of Wyoming, certifying that Fred C. Lebhart is the Official Court Reporter of the Second Judicial District, State of Wyoming, and Certified Copies of the Journal Entries."

Just what is meant by the words in the foregoing certificate — "all of the Original Proceedings had in this Court,"—is far from clear, but it is perfectly obvious that the certificate taken as a whole does not state in the simple words of the statute or in words which might be construed as their full equivalent, that the record is "true and correct."

In Hahn v. Citizens State Bank, supra, this court, speaking of a record on appeal prepared under Section 6 of Chapter 32, Laws of 1917, before that section was amended (now Sec. 6406, W. C. S. 1920) and when the certificate of both the clerk and the judge was required to be appended to the record, used this language:

"But it cannot properly be filed as the record on the appeal until it has been authenticated by the required certificate or certificates of the judge and clerk."

The actual filing of a record or a portion of it which cannot properly be filed is of no avail. Scott v. Wyoming Rock Products Co., supra; Woodruff v. Cokeville Light & Power Co., supra.

From this brief review of some of the decisions of this court—decisions which have been before the legal profession of this state for some time in the bound volumes of the Wyoming Reports—concerning procedure under the provisions of law governing a direct appeal, it is apparent that without disregarding them, as well as the plain language of the law itself, we are without jurisdiction to entertain the appeal in the instant case, and it must be dismissed. We regret that we are obliged to reach this conclusion, as the merits of the cause were ably argued by counsel for both parties, and present questions of more than ordinary interest.

*Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.