## GEORGE BOLLN CO. v. FREEMAN
(No. 1644; Jan. 14, 1931; 294 Pac. 1110)

For defendant and appellant there was a brief by *Joseph Garst,* of Douglas, Wyoming, and *A. E. Stirrett,* of Casper, Wyoming.

For the plaintiff and respondent, there was a brief by *Theo. C. Daniels* and *John D. Dawson,* both of Douglas, Wyoming.

RINER, Justice.

The record on appeal in this case has been filed here for the purpose of securing the review of a judgment entered by the District Court of Converse County upon the verdict of a jury in favor of the plaintiff and respondent, George Bolln Company, a corporation.

It is urged that the appeal must be dismissed, because there are no certified copies of the journal entries made in the case incorporated in the record, as required by Section 6406, W. C. S. 1920. The situation disclosed by the record appears to be this: On page 33 thereof is set forth the clerk's final certificate concerning the record, stating —to quote verbatim but omitting the formal introduction and conclusion—that:

"The foregoing instruments, which with the pages of this certificate, are numbered 1 to ........ inclusive, is the record on appeal as filed in my office by Defendant and Appellant, Luther Freeman, on the ........................ day of March, 1930, in that certain cause entitled, George Bolln Company, a corporation, Plaintiff, vs. Luther Freeman, Defendant, in Converse County, Wyoming.

"I further certify that pages 1 to ........ inclusive of said record on appeal consist of certified copies of the original pleadings and other instruments as filed therein, the petition, precipe for summons, demand for jury, summons and return, answer, notice of motion to substitute copy of deposition, order to substitute copy of deposition, precipe for subpoena, subpoena, instructions given by the court to the jury, verdict, judgment, precipe for execution, notice of appeal, petition for bond on appeal, order setting appeal bond, appraisement and return, execution, application for extension of time to file record on appeal, order granting extension of time, journal entries and clerk's certificate, and that these constitute and are certified copies of each and every one of the original papers and instruments filed in my office in said cause and that each and every one are true, full and correct copies of said papers as now appear of record in said cause."

While the certificate states that the record on appeal consists of "certified copies of the original pleadings and other instruments as filed therein," an examination of them shows that there are no separate certified copies in the record at all. However, there appears in the certificate the statement concerning the instruments listed therein that:

"These constitute and are certified copies of each and every one of the original papers and instruments filed in my office in said cause and that each and every one are true, full and correct copies of said papers as now appear of record in said cause."

Under the previous rulings of this court in McGinnis v. Beatty, 27 Wyo. 287, 196 Pac. 311, and McClintock v.

Ayres, 34 Wyo. 476, 245 Pac. 298, this certificate is un-doubtedly sufficient, so far as it, by its terms, goes, cover-ing all the papers mentioned therein and among them the copies of the journal entries preceding said certificate, including as well the judgment of which review is sought. The cause, therefore, cannot be dismissed.

On page 34 of the record and following said certificate appears what seems to be a copy of a page of the appear-ance docket in the court below, relating to the instant case, though for some reason it is labelled "Journal En-tries." It is uncertified and why it was included in the record we do not understand. Following this is a pur-ported transcript of evidence with appended exhibits, together with two instructions numbered "A" and "B" which purport to have been asked by the defendants to be given the jury and to have been refused by the court. All are uncertified except there is a certificate by the court reporter concerning the transcript of evidence, and his official character is also certified by the clerk of the Dis-trict Court. The law (§ 6406, supra) directs that the whole record "shall be certified to by the clerk of the District Court as true and correct," and points out exactly what shall be included in the record on appeal. But so far as the transcript of evidence in the case before us is con-cerned—which the law says "shall also form a part of the record on appeal"—the statute has not been obeyed by due certification. The transcript, accordingly, never be-came a part of the record. See W. H. Holliday Co. v. Bundy, (Wyo.) 289 Pac. 1094 and cases cited; Elec-trolytic Copper Co. v. Board of County Commissioners, (Wyo.) 289 Pac. 1096 and cases cited. The consequence of this state of the record in the pending case is that we are unable to consider the alleged errors argued in the brief of appellant, inasmuch as they all involve questions which arise solely upon the evidence offered and received on the

trial of the case and upon an alleged rejected instruction. In so far as the record on appeal may be considered by us, it supports the judgment and that must be affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.