DENNIS HOGAN, *Appellant*, vs. LILLIAN HOGAN, *Appellee*.
140 So. 213.
En Banc.
Opinion filed March 11, 1932.

*C. Jay Hardee*, for Appellant;
*Anna A. Krivitsky* and *Edwin R. Dickenson*, for Appellee.

PER CURIAM.—In this case the appellee filed a bill for

divorce and for suit money and alimony in which it is alleged that the complainant was over the age of twenty-one years and had resided in Hillsborough County, Florida, for more than two years next preceding the filing of the bill and that the residence of the defendant was in Tampa, Florida. The ground for divorce alleged was obstinate and continuous desertion for a period of more than one year prior to the filing of the bill of complaint. Summons was issued and served and thereupon the defendant filed a plea of privilege in which he alleged that he had never been a resident of Hillsborough County, and that he was a resident of Jacksonville in Duval County, Florida, and that his residence had been at all times in said city of Jacksonville; that the cause of action, if any, accrued in Duval County, Florida, and did not accrue in Hillsborough County and that none of the acts complained of in the bill of complaint occurred in Hillsborough County. He prayed that the bill be dismissed. This plea was filed on the 15th day of January, 1930, and on the 3rd day of March, 1930, the complainant without notice filed an amended bill of complaint in which she did not allege two years' previous residence in Hillsborough County and in which she alleged that she and the defendant were husband and wife; that they had "lived and cohabited as wife and husband until the month of March, 1929, at which time the defendant left complainant and has been away from her ever since" and that "the complainant is living apart from said defendant through his fault".

In this bill of complaint her cause of action and her prayer were different from that alleged in the original bill of complaint. It was in effect a different suit. In the amended bill she sued for separate maintenance and attorney's fees. On the 10th of March, 1930, she filed notice that she would on the 18th of March, or as soon

thereafter as counsel could be heard, bring up for hearing before the Honorable F. M. Robles at his office in the Court House in the City of Tampa, County of Hillsborough, State of Florida, the amended bill of complaint praying for alimony pendente lite for the complainant and the record discloses service of copy of notice and amended bill of complaint on the 8th day of March, 1930, on the solicitor for defendant.

Thereafter, on the 25th of March, 1930, the Court entered a final decree awarding the complainant $15.00 per week permanent alimony and requiring defendant to pay $75.00 attorney's fees to complainant's solicitor. On the 29th day of March, 1930, a rule was issued to defendant to show cause why he had not complied with the order requiring him to pay alimony and solicitor's fees. On the 5th of April, 1930, an order was issued by the Court holding the defendant to be in contempt of court and requiring him to be held in custody of the sheriff until the further order of the court. On the 14th day of April, 1930, another rule to show cause why was issued and on the 17th day of April the defendant filed his entry of appeal from the order and decree entered on the 25th day of March, 1930.

It will be observed that the amended bill of complaint therein was filed on March 3rd, 1930. Reference to the calendar discloses that the 3rd day of March, 1930, was Monday, a rule day. The defendant, therefore, had under the rules of court until the rule day in April to plead or answer to the amended bill of complaint, unless it should appear that the court had made an order allowing the amended bill to be filed and requiring the defendant to plead or answer at an earlier date. No order of court was made prior to the filing of the bill of complaint allowing the same to be filed nor was any order of court made limiting the time within which plea, answer or demurrer should be filed to the amended bill. We must

consider the decree entered as a final decree because it appears to dispose of every matter presented in the bill for disposition by the court, including the payment of the costs of the suit by the defendant and under the condition of the record a final decree was premature and unauthorized.

Aside from what we have heretofore said, we hold that the record in this case shows that the so-called amended bill of complaint was not in fact an amended bill, but the filing of this so-called amended bill was the commencement of a new suit based upon a different cause of action and sought entirely different relief from that sought in the original bill and, inasmuch as the defendant had not been served with process issued pursuant to the filing of this new bill of complaint, the court had not acquired jurisdiction of the defendant at the time the order was entered, even though it could be held and considered an interlocutory order.

For the reasons stated, the decree appealed from must be reversed. It is so ordered.

Reversed.

BUFORD, C.J., AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.