## THE NORTHWESTERN TERRA COTTA CO. v. SMITH-TURNER HOTEL COMPANY

(No. 1849; June 19, 1934; 33 Pac. (2d) 915)

Per CURIAM.

In this case, the Northwestern Terra Cotta Company, a corporation, brought an action, on December 13, 1929, against the defendant, Smith-Turner Hotel Company, a co-partnership, on account of goods and merchandise furnished the defendant in 1924. C. A. Smith was served with summons in the case. There was no appearance on behalf of the defendant and judgment was entered by default on September 26, 1931. Subsequently, a motion appears to have been made, supported by the affidavit of Fred W. Layman, attorney for the plaintiff herein, alleging that the name by which the defendant was sued and in which judgment was entered herein was incorrect, and asked that the name be corrected to the true name of Smith and Turner. On August 18, 1933, the motion was overruled

and the relief asked was denied. From that order the plaintiff has appealed to this court.

There is no certificate, as required by Sec. 89-4906, Rev. St. 1931, attached to the bundle of papers before us, called by counsel the record on appeal, which shows, either directly or indirectly, that it is true and correct, and hence there is nothing before us to review. That is so thoroughly established by the decisions of this court that we need but refer to Simpson v. Building and Loan Association, 45 Wyo. 425, 19 P. (2d) 958; In re Basin State Bank, 43 Wyo. 1, 296 Pac. 320; W. H. Holliday v. Bundy, et al., 42 Wyo. 61, 289 Pac. 1094; Electrolytic Copper Co. v. Board, 42 Wyo. 67, 289 Pac. 1096; George Bolln Co. v. Freeman, 42 Wyo. 375, 294 Pac. 1110. That the legislature did not make the foregoing requirement merely on technical grounds, but based it on sound reasons, is so clearly illustrated in the case at bar that it may not be out of place to consider the facts here shown in some detail. Whether or not there is, or was, in fact, a misnomer in the name of the defendant is, of course, a question of fact, requiring some evidence. The record before us fails to disclose the evidence in this case, nor are there any findings of facts by the court from which we might be able to tell upon what theory the court gave its decision. We find three certificates of the clerk of court attached to the bundle of papers before us. In the first, dated October 6, 1933, the clerk of court merely certifies "that the above and foregoing contains each and all of the following original papers filed in the above cause on the respective dates hereinafter mentioned, to-wit:" It then enumerates the specific original papers, with the date of filing thereof, and closes "In Witness Whereof," etc. The second certificate, dated October 6, 1933, certifies as correct certain journal entries, including the order refusing to correct the name of the defendant. The third certificate identifies

the original specifications of error filed in the case. There is no certificate in the record directly or indirectly showing that the bundle of papers before us constitutes the record on appeal, or that, as before stated, it is true and correct. The first certificate, enumerating certain original papers, includes "a motion filed January 28, 1933." There is no such motion as that among the papers before us. There is a motion, to which Mr. Layman's affidavit is attached, which was filed in the court on June 28, 1933, but that is not certified as one of the original papers. It may be that the "motion filed January 28, 1933," was meant to refer to that filed June 28, 1933, and if we had a certificate before us as the statute requires we might perhaps assume this to be true. But even if we did so, all that we would have before us is a certificate that this motion is *one* of the original papers in the case. But that would not help. That can be wholly true, but does not in the least show that there may not have been many or other original papers filed in the case or that no oral evidence was introduced. It may be that if we had the statutory certificate before us that the record on appeal is true and correct, we might, perhaps, accept as true, in a case like that at bar, that the affidavit of Mr. Layman was the only affidavit filed and was the only evidence introduced. But there is nothing before us to show that to be so, and for aught that the record discloses the court may have based its decision on a conflict of the evidence, or on some other good reason not shown.

The appeal must, accordingly, be dismissed. It is so ordered.

*Appeal Dismissed.*