IRENE BAUS, Plaintiff and Respondent,

vs.

VICTOR BAUS, Defendant and Appellant

(No. 2269; Jan. 25, 1944; 145 P. 2d 241)

*C. G. Cypreansen,* of Casper, for appellant.

*Ivan S. Jones,* of Kemmerer, and *Guy B. Hockett,* of Pinedale, for respondent.

## OPINION

RINER, Justice.

The District Court of Sublette County, Wyoming on October 22, 1942, entered a decree of divorce and fixed, pursuant to the written agreement of the parties to that decree the custody of the one child of the marriage

in the maternal grandparents. No attempt was made to have this decree reviewed. Thereafter on November 6, 1942, and at the same term of court during which the original decree of divorce was passed, the defendant, Victor Baus, filed in said court his application to have the decree aforesaid modified so as to limit the custody of said child to the defendant. The issues having ben made up relative to this application for modification on November 27, 1942, an order somewhat modifying the original decree of divorce as to custody of this child was entered wherein the rights of the parents to visit their offspring were more particularly and definitely set forth and it was further provided that the child should not be taken "beyond the borders of the State of Wyoming or beyond the jurisdiction of" said District Court "without the permision" of said court. From the amendatory order thus made this direct appeal has been undertaken.

The record before us is in this condition: It is in two parts, the first of which is made up of the original papers filed in the case and also certified copies of the journal entries. To this portion of the record is appended the certificate of the clerk of the District Court of Sublette County stating only:

"That the foregoing pages numbered one (1) to fifty (50) inclusive include all of the original papers filed in the above cause together with certified copies of all Journal Entries in said matter."

This certificate is followed by a certified copy of defendant's "Specification of Error." The second part of the record consists of what would seem to be a "Transcript of Evidence" taken at the hearing of the application for a modification of the divorce decree as aforesaid. This part of the record is uncertified as the statute (§ 89-4906 W. R. S. 1931) directs it must be to constitute it an integral portion of the record, viz.,

"that it is true and correct." It embraces at its close merely a certificate by the court reporter regarding said transcript and an additional certificate by the clerk of the district court of the county aforesaid as to the official character of the court reporter and that is all.

In George Bolln Co. vs. Freeman, 42 Wyo. 375, 294 Pac. 1110, after describing certain portions of the record filed in that case, this was said:

"Following this is a purported transcript of evidence with appended exhibits, together with two instructions numbered "A" and "B" which purport to have been asked by the defendants to be given the jury and to have been refused by the court. All are uncertified except there is a certificate by the court reporter concerning the transcript of evidence, and his official character is also certified by the clerk of the District Court. The law (§ 6406, supra) directs that the whole record "shall be certified to by the clerk of the District Court as true and correct," and points out exactly what shall be included in the record on appeal. But so far as the transcript of evidence in the case before us is concerned—which the law says "shall also form a part of the record on appeal"—the statute has not been obeyed by due certification. The transcript, accordingly, never became a part of the record. See W. H. Holliday Co. v. Bundy, (Wyo.) 289 Pac. 1094 and cases cited; Electrolytic Copper Co. v. Board of County Commissioners, (Wyo.) 289 Pac. 1096 and cases cited. The consequence of this state of the record in the pending case is that we are unable to consider the alleged errors argued in the brief of appellant, inasmuch as they all involve questions which arise solely upon the evidence offered and received on the trial of the case and upon an alleged rejected instruction. In so far as the record on appeal may be considered by us, it supports the judgment and that must be affirmed." Section 6406 mentioned in the foregoing excerpt is identical with Section 89-4906, supra, the former being the section as numbered in the compiled statutes

of 1920. In this connection, see also, The Northwestern Terra Cotta Co. vs. Smith-Turner Hotel Co., 47 Wyo. 190, 33 Pac. 2d 915 and cases cited.

Another decision of this court which is pertinent to the situation presented by this appeal proceeding, assuming we could overlook the failure to properly certify the record,—something we may not do under our former rulings as has been above demonstrated— is that the district court's determination amending an order relative to custody of children will not be disturbed on appeal in the absence of abuse of discretion or the violation of some legal principle. See Stirrett vs. Stirrett, 35 Wyo. 206, 248 Pac. 1.

In Downing vs. Downing, 108 Wash. 12, 182 Pac. 561, where the record did not disclose what the evidence was on the trial of the main action for a divorce and was also defective in not showing all the evidence introduced on an appeal to modify a decree of divorce relative to the custody of certain children of the parties, the court said:

"This condition of the record renders it at once apparent that we are unable to say that the trial court abused its discretion in awarding the custody of the two children to Mr. Downing or in refusing to modify the decree. The record before us renders it plain that the hearing upon the application for a modification of the decree was considered by the court simply as giving Mrs. Downing an opportunity to introduce further evidence touching the question of the custody of the two children; such evidence to be considered with other evidence already introduced upon the trial of the main action but a few days before that hearing. There was some evidence introduced upon the hearing of Mrs. Downing's application for a modification of the decree, as shown by the bill of exceptions, from which it could be argued with some show of reason that the two children should have been awarded to her and not to Mr. Downing, but we have no way of knowing but what there was other evidence introduced

upon the trial of the main case, and even upon the hearing for modification of the decree, proper to be considered by the trial court, which would be ample to show that the court did not abuse its discretion in entering either the decree or the order refusing to modify the decree."

Under the foregoing authorities we are unable to see that we should interfere with the order modifying the original decree of divorce so far as it dealt with the custody of the child of these litigants. We cannot say that the court abused its discretion in the matter, the transcript of evidence aforesaid not being before us. However, inasmuch as that transcript is extremely short, we have taken the trouble to examine it and find therein no reason for criticising the district court's action.

The child affected by this lawsuit is a boy only two years and seven months old at the time of the hearing of the application to modify the decree. As already stated, the maternal grandparents were given his custody by the original decree of divorce and that decree was modified simply to permit the appellant to visit his son at certain stated times and even "to take the child of plaintiff and defendant with him between the hours of 1:00 and 5:00 P. M. on said Sundays and Holidays during which time he may have exclusive custody of the said minor child but not to remove the said minor child from the vicinity of the town of Wheatland, Wyoming" near which town the maternal grandparents mentioned above reside. We see nothing improper in this direction. In fact the arrangement would seem to be a very sensible one so far as we are able to determine.

Accordingly the order modifying the decree of divorce as recited above should be affirmed and an order to that effect will be entered.

*Affirmed.*

KIMBALL, C. J. and BLUME, J., concur.