169 So.2d 351 (1964)
Arthur R. VOSS, Appellant,
v.
Betty Lou VOSS, Appellee.
No. 64-773.
District Court of Appeal of Florida. Third District.
November 24, 1964.
Rehearing Denied December 16, 1964.
*352 Norman F. Solomon, Miami Beach, for appellant.
Ray A. Morrissey, Jr., Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
CARROLL, Judge.
This appeal is from two interlocutory orders in a divorce suit. An "emergency" application, before service of process and without notice to the defendant husband, produced an order which restrained the defendant husband from interfering with the wife, directed him to deliver an automobile to her for her use, ordered him to remove from the residence of the parties, and to pay (1) "all utilities, mortgage payments, and telephone bills of said residence," (2) $15 per week temporary alimony and (3) the future medical and hospital expenses of the wife, who was then pregnant and expecting within two months.
The defendant moved to set aside that order, for want of notice and contesting it on its merits. The motion to vacate was heard after notice and denied. No evidence was presented, and the initial order was adhered to. The two orders were then appealed.
Appellant contends there was a denial of due process, and that the orders represented an abuse of discretion. Neither contention has merit. An injunction for a wife's protection from interference or molestation by her husband may be granted without notice properly on a verified divorce complaint which contains sufficient allegations and an adequate showing under rule 3.19, F.R.C.P., 31 F.S.A.; and without bond when inability to make bond is shown as required under §§ 64.02 and 64.03, Fla. Stat., F.S.A.
In a suit by a wife against her husband for divorce, service of process on the husband is a prerequisite to jurisdiction to grant alimony pendente lite, as authorized by § 65.07, Fla. Stat., F.S.A. Hogan v. Hogan, 104 Fla. 424, 140 So. 213. And due process of law and orderly procedure would appear to require that the husband be given notice of an application for alimony, and an opportunity to be heard thereon. Sanchez v. Sanchez, 21 Fla. 346; Hogan v. Hogan, supra; Peacock v. Peacock, 160 Fla. 630, 36 So.2d 206; Nystrom v. Nystrom, Fla.App. 1958, 105 So.2d 605, 609; 10 Fla.Jur., Divorce, etc. § 134; 27B *353 C.J.S. Divorce § 247a. However, the husband's objections to the premature order for alimony in this case are without force because the order was reviewed on the merits and adhered to by the chancellor after notice, on the husband's motion to set the order aside. See Belk's Department Store, Miami, Inc. v. Scherman, Fla.App. 1960, 117 So.2d 845, 847; Gwynn v. Gwynn, 63 Wyo. 365, 182 P.2d 815, 817.
The remaining question is whether the relief granted to the plaintiff pendente lite was proper. The matters with which the orders dealt were within the chancellor's discretion, and the appellant has failed to carry the burden of showing an abuse of discretion.
Affirmed.