PER CURIAM.
These appeals arise out of the same set of facts. Appeal No. 69-1041 is from an order dismissing plaintiff-appellant’s cause of action for “the failure of the Plaintiff to comply with the order of the Court entered the 15th day of October 1969”. The order of October 15th found appellant had failed to comply with a previous order requiring discovery and directed that the cause would be dismissed if discovery were not made on or before October 23, 1969. The record reveals that appellant did not comply within the time set nor did appellant set forth any reason for non-compliance. We hold that appellant has failed to demonstrate error. Compare Southeastern Mobile Homes, Inc. v. Transit Homes, Inc., Fla.App.1966, 192 So.2d 53, 58, with State v. Fattorusso, Fla.App.1969, 228 So.2d 630.
Appellant urges that because she made some attempt to comply with the October 15th order requiring discovery, the court abused its discretion by dismissing the cause upon an ex parte order. See Hyman v. Schwartz, Fla.App.1965, 177 So.2d 750. We think this record reveals that appellant did not make a good faith attempt to comply with the discovery order. The absence of notice upon the application for the final judgment was not fatal under these circumstances. This decision is reinforced by the fact that appellant moved for and received á rehearing upon the final judgment. By granting a rehearing the trial court gave appellant an opportunity to present any valid reason for vacating the final judgment, thereby fulfilling the purpose of the notice provision of Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A. See Voss v. Voss, Fla.App.1964, 169 So.2d 351. The record fails to show, through the petition for rehearing or other means, an explanation for appellant’s failure to make the discovery ordered. Accordingly the judgment in 69-1041 is affirmed.
Appeal No. 70-246 presents the question whether the final judgment of dismissal for failure to make discovery barred a second suit upon the same cause of action. Immediately after the first dismissal appellant refiled the cause but suffered a second judgment of dismissal. Appellant relies upon Rashard v. Cappiali, Fla.App.1965, 171 So.2d 581, for a holding that a failure to make discovery authorizes a dismissal without prejudice but not a dismissal with prejudice. In that case we directed that the final judgment be amended so as to provide for dismissal without prejudice because the record did not reflect a violation or disregard of an order of the trial court. We also said:
“[5] When a plaintiff is given time by order of the court within which to abide by the rule or suffer a dismissal with prejudice, the only question for review by an appellate court upon an appeal from an order dismissing the cause with prejudice would be upon the question of an abuse of discretion by the trial court in the making of the order directing the performance of the act within the time limit.
“[6] We hold that a reasonable interpretation of the two rules concerned [Florida Rules of Civil Procedure 1.31 (d), and 1.35(b)] is that where dismissal is to be with prejudice and thus act as an adjudication on the merits it must be for the violation of an order of the court and not for a mere failure to abide by a notice of a procedural step.” 171 So.2d at 583.
A review of the circumstances of the first dismissal as above set out affirmatively shows that the dismissal was for the violation of an order of the court. Therefore the dismissal was properly with prejudice[1] *635 and as such it barred appellant’s second suit upon the same cause of action. See Hinchee v. Fisher, Fla.1957, 93 So.2d 351; Drady v. Hillsborough County Aviation Authority, Fla.App.1967, 193 So.2d 201, 205.
The appeals in 69-1042 and 70-246 are affirmed.

. “(b) Involuntary Dismissal * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provid *635 ed for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.” Rule 1.420(b), Florida Rules of Civil Procedure.