PER CURIAM.
We reverse the order entered ex parte which struck the plaintiffs pleading, along with the final judgment entered ex parte upon authority of Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972).
Plaintiff/appellee relies upon Webber v. Brickley, 239 So.2d 633 (Fla. 3d DCA 1970), as a way to salvage the wrongly entered ex parte order and judgment. We are of the opinion that such reliance is misplaced.
In Webber v. Brickley, supra, as here, there was an ex parte order entered. It dismissed the cause for failure to comply with a discovery order. It was there recited:
We think this record reveals that appellant did not make a good faith attempt to comply with the discovery order. The absence of notice upon the application for the final judgment was not fatal under these circumstances. This decision is reinforced by the fact that appellant moved for and received a rehearing upon the final judgment. By granting a rehearing the trial court gave appellant an opportunity to present any valid reason for vacating the final judgment, thereby fulfilling the purpose of the notice provision of Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A. See Voss v. Voss, Fla.App.1964, 169 So.2d 351. The record fails to show, through the petition for rehearing or other means, an explanation for appellant’s failure to make the discovery ordered. Id. at 634.
There are two ways we distinguish the Webber decision.
First, Webber notes from its record that appellant did not make a good faith effort to comply with the discovery order and that there was no reflection of an explanation for appellant’s failure to comply with the discovery order. In the instant case we cannot make such determination. The allegations of this appellant’s motion for rehearing, had rehearing been granted and appellant allowed an opportunity to prove same, very well may have justified appellant’s earlier conduct, depending, too, on the proofs adduced by appellee.
Second, in Webber, appellant moved for and was granted a rehearing. Thereupon, appellant was given an opportunity to contest the issue sufficient to fulfill the notice requirements of the Rules. In the instant case, appellant was denied a rehearing and given no opportunity to contest or establish the impropriety of the ex parte order and judgment.
Because of the foregoing, we are of the opinion that this case is governed by the principles announced in Owens-Illinois, Inc. v. Lewis, supra.
Reversed.
HERSEY and WALDEN, JJ., concur.
GLICKSTEIN, J., dissents with opinion.