Terry M. THOMPSON, Appellant
(Defendant),

v.

Pamela J. THOMPSON,
Appellee (Plaintiff).

No. 91–109.

Supreme Court of Wyoming.

Jan. 24, 1992.

Robert O. Anderson of Andrews & Anderson, P.C., Riverton, for appellant.

Maureen Donohoue of Hursh & Donohoue, P.C., Riverton, for appellee.

Before URBIGKIT, C.J., THOMAS, CARDINE and MACY, JJ., and LEHMAN, District Judge.

LEHMAN, District Judge.

Terry M. Thompson and Pamela J. Thompson are the parents of two children. They were divorced in 1989 and the father was given custody of the children at that time. Beginning in November of 1990, the mother sought a modification of the custody decree making her the custodial parent. The district court granted her petition for modification and the father now appeals, asserting the district court abused its discretion in basing the modification on speculation as to the future needs of the children and the mother's capacity to fulfill those needs. The father also contends it was an abuse of discretion to change custody to the mother when no evidence was presented showing the father's parenting skills were in any way deficient or that the children were not doing well in his custody.

We affirm.

### ISSUES

The father states his issues as follows:

## ISSUE ONE

Did the trial court abuse its discretion when it changed custody of two minor children from the father to the mother based upon the Court's anticipatory conclusion of the children's speculative future needs and the speculation that the mother would be better able to handle those needs in the future?

## ISSUE TWO

Did the Trial Court abuse its discretion by finding that the purported positive improvement in the mother's personal circumstances was sufficient to change custody of the minor children to her from the father when there is no allegation nor evidence of any improper parenting by the father and no allegation nor evidence that the children are not doing well in the father's custody and no allegation nor evidence that they are in need of parenting skills other than those of the father's at the current time?

In counterpoint, the mother queries:

## ISSUE ONE

Did the trial court abuse its discretion when it awarded a change of custody of two minor children from the father to the mother after finding that the life style changes that the mother had made constituted a substantial change in circumstances and, further, found that it was in the best interest and for the benefit of the children that they be placed with their mother who demonstrated an understanding of substance abuse and its effects upon the minor children?

## ISSUE TWO

Did the trial court abuse its discretion when it awarded a change of custody of two minor children from father to mother absent a showing of improper parenting by the father?

## FACTS

The Thompsons were divorced in 1989, after separating in late 1988. Although the mother had been the primary caretaker of the children prior to the divorce, the children were initially placed in the custody of the father's parents and, ultimately, with the father. It is clear from the record that the district court was well-acquainted with the Thompsons, in part because of their bitter and protracted divorce case, and in part because both were known to have been involved in narcotics. It is also evident the district court was "between a rock and a hard place" insofar as making a determination as to which of the parents could serve the best interests of the children. However, at the time custody was awarded to the father, the mother essentially acquiesced because, between the divorce, her pending criminal charges, and her drug/alcohol addiction she felt "like a big Mack truck" had run over her.

In addition to all that it knew from prior court proceedings, the district court held a day-long hearing before ruling on the petition to modify the child custody award. The evidence illustrated that the mother had made almost miraculous changes in her life. She was treating her addictions with therapy and regular attendance at meetings of Alcoholics Anonymous. She was working and could provide health insurance for the children. She was planning to marry in the near future. She had been working in law enforcement and planned to relocate to Lusk, Wyoming, to work at the Wyoming Women's Center when the probation time she was required to serve for her criminal involvement was completed (her prosecution was deferred and, apparently, her record would be clean when she successfully completed her sentence of probation). In sum, the mother presented herself as a person competent to be a parent and one who would educate and communicate with her children concerning their hereditary and environmental potential for alcohol/drug addiction, as well as to bring them to an awareness of the effects growing up in the home environment provided by their parents during their formative years might have had on them, both in the present and in the future.

The evidence confirmed the father had discontinued use of alcohol and drugs, but also that he was seemingly unaware of the prognosis for those who have been addicted to drugs, or for those who have grown up in a home where addiction is a fact of life. It is evident that the father had suitably provided for his children during the time he had them in his custody. However, his testimony also exposed that he continued to harbor the bitterness, resentment and rationalization that so frequently dwells with those who have left addiction untreated.

## DISCUSSION

 Pursuant to Wyo.Stat. § 20–2–113(a) (June 1989 Repl.), the district court is given continuing jurisdiction to revise a custody award. "The party seeking to modify the provisions of a child custody decree must assume the burden of demonstrating to the court a substantial change in the circumstances affecting the child's welfare occurring subsequent to the entry of the initial decree." *Goss v. Goss*, 780 P.2d 306, 312 (Wyo.1989). Moreover, the court must also find that the requested modification will be in the best interest of the child. *Id.* at 313. *See Uhls v. Uhls*, 794 P.2d 894 (Wyo.1990); and *Deen v. Deen*, 774 P.2d 621 (Wyo.1989). Here, the district court determined there was a substantial change in the circumstances *vis-a-vis* the relative abilities of the parents to serve in that role. The evidence is not that the father had slipped backward, but, rather, the mother had surged far ahead in her personal development and ability to serve as a parent. Indeed, the district court characterized the changes as "amazing" and "tremendous." The father essentially contended that, because he has "maintained" as a fit parent, no change in custody could be made. We do not agree. When a court has found the existence of substantial change which warrants a revision in custody that serves the best interests of the children, we will not disturb that decision absent some serious procedural error, a violation of a principle of law, or a clear and grave abuse of discretion. "The trial court does not abuse its discretionary authority if, under the circumstances found from the record, it could have reasonably concluded as it did." *Goss*, 780 P.2d at 313 (and cases cited therein).

Here, we are directed to no procedural error, nor did we find one of our own accord. No principle of law has been violated. The father contends that the district court's ruling constituted an abuse of discretion under the circumstances of this case. We perceive that the district court concluded that neither parent was especially fit at the time the initial custody determination was made; however, the children had to go to one or the other, absent evidence that the state should intervene and assume the role of parent. The mother then made a concerted effort to improve herself personally and emotionally, to improve her lot in life, to improve her parenting skills to enable herself to assist her children in dealing with the scourge of having been raised in an alcoholic home, and to discipline herself so as to raise her children in an environment as free of bitterness, resentment and rationalization as possible. The father demonstrated that he could maintain a viable household and remain free of drugs and alcohol, but he also demonstrated that he could not progress out of the bitterness and resentment that had typified, and destroyed, the Thompsons' marriage and the children's home. Under the circumstances of this case, we hold that the district court could have reasonably concluded as it did and, thus, did not abuse its discretion.

The order of the district court is affirmed.