2007 WY 4

**BB, Appellant (Respondent),**

v.

**RSR, Appellee (Petitioner).**

No. C–06–5.

Supreme Court of Wyoming.

Jan. 10, 2007.

Representing Appellant: John M. Burman, Faculty Supervisor; Alevtyna Popova, Student Director; Katrina Runyon, Student Intern; UW Legal Services Program, Laramie, Wyoming.

Representing Appellee: Kelly Neville Heck, Brown & Hiser, LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, BB ("Mother"), appeals from the district court's order modifying custody and child support. We affirm.

### ISSUES

[¶ 2] Mother presents the following issues for review:

I. Whether the district court erred in denying Mother's renewed motion for judgment on the pleadings?

II. Whether the district court erred in finding a material change in circumstances allowing modification of child custody?

### FACTS

[¶ 3] Mother and RSR ("Father") are the parents of a daughter, born on August 17, 1995. On May 27, 1998, a default paternity order was entered adjudicating RSR as the father and granting physical custody to Mother. Father was ordered to pay child support and provide medical insurance. A

visitation schedule was not established at that time. Thereafter, Father filed a petition for modification of the paternity order, but for reasons unclear from the record, the petition was never heard.

[¶ 4] Seven years later, Father filed a second petition for modification seeking custody or, in the alternative, a liberal visitation schedule. In the course of discovery, Father sought production of Mother's mental health records. Mother objected claiming the records were privileged. Both parties submitted briefs regarding the scope of the privilege, pursuant to Wyo. Stat. Ann. § 33–38–113 (LexisNexis 2005), in custody modification proceedings. After considering the issue, the district court ordered Mother to produce the records.

[¶ 5] Prior to trial, Mother filed a Motion for Judgment on the Pleadings claiming that Father's general allegation in his petition that a material change in circumstances had occurred justifying a change in custody was insufficient to provide fair notice of his claim against her.[1] The motion was denied. A trial on the petition for modification was held on December 12, 2005. After Father's opening statement, Mother renewed her motion for judgment on the pleadings. The district court denied the oral motion. At the conclusion of the trial, the district court entered its Order Modifying Order Establishing Paternity, Custody and Support on February 6, 2006, awarding custody of the minor child to Father. This appeal followed.

1. The petition alleged:
   Since the ORDER ESTABLISHING PATERNITY, CUSTODY AND SUPPORT was made and entered herein, conditions surrounding the child and the parties hereto have materially changed, and such changed conditions and circumstances render it necessary and advisable that the provisions of the custody of the child in the decree and other orders reviewed by the Court, and that primary residential custody and control of the minor child be granted to Father, subject to the reasonable visitation rights of the mother at all reasonable times and places to be determined by the Court.

2. This case began as a paternity action. Although not clear from the record, it appears the proceeding may have been audio recorded, in part, due to U.R.D.C. 907 entitled, Electronic Audio Record for Paternity Cases, which provides: "[t]he district court in its discretion may

## DISCUSSION

[¶ 6] Before we begin our discussion of the issues, we must first address the scope of the record to be reviewed. As the appellant, Mother is required to provide this Court with a sufficient record to allow proper evaluation of the trial court's decision. *Beeman v. Beeman*, 2005 WY 45, ¶ 10, 109 P.3d 548, 551 (Wyo.2005). The modification hearing was audio taped rather than stenographically recorded by a court reporter.[2] The appellate record contains the audio cassettes of the December 12, 2005, hearing and an "unofficial" transcription of those cassettes. W.R.A.P. 3.02 governs submission of transcripts for purposes of an appeal and provides in pertinent part:

(b) In all cases other than criminal and juvenile matters, if the proceedings in the trial court were stenographically reported by an official court reporter, appellant shall, contemporaneously with the filing of the notice of appeal, file and serve on appellee a description of the parts of the transcript which appellant intends to include in the record and unless the entire transcript is to be included, a statement of the issues appellant intends to present on appeal. If an appellant intends to assert on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. If appellee deems a transcript of other parts of

comply with any requirements to report cases pursuant to Wyo. Stat. Ann. § 14–2–408 by providing an electronic audio record of the proceedings." We also note that a circuit court judge was assigned this case as authorized by Wyo. Stat. Ann. § 5–3–112 (LexisNexis 2005). Although circuit courts are permitted to electronically record proceedings, when assigned cases from the district court, the law and rules governing the district court and appeals therefrom apply. *See*, Wyo. Stat. Ann. § 5–9–139 (LexisNexis 2005) (authorizing electronic recordings); Wyo. Stat. Ann. § 5–9–140 (LexisNexis 2005) (requiring the circuit court to appoint an official stenographer to furnish and certify a transcript of the electronic recording); Wyo. Stat. Ann. § 5–3–112(b) (LexisNexis 2005) (requiring laws and rules of district court to apply to the case or proceeding assigned).

the proceedings to be necessary appellee shall, within 15 days after service of the designation of the partial transcript by appellant, order such parts from the reporter or procure an order from the trial court directing appellant to do so. At the time of ordering, a party must make arrangements satisfactory to the reporter for payment of the cost of the transcript.

(c) If the proceedings in the trial court were electronically recorded, the audio record of the proceedings shall be received by the district court, sitting as an appellate court, as prima facie evidence of the facts, testimony, evidence and proceedings in such audio record. No transcript of the proceedings shall be required, unless the district court finds that a transcript, or portion, is necessary for appellate disposition. If discretionary review is granted by the supreme court, the parties shall prepare a transcript in accordance with subsection (b) above.

(d) **All transcripts of testimony, evidence and proceedings shall be certified by the official court reporter, or such other person designated by the trial court to prepare the transcript, to be true and correct in every particular, and when certified it shall be received as prima facie evidence of the facts, testimony, evidence, and proceedings set forth in the transcript.** The transcript format shall be 8 1/2 × 11 inches and a maximum of 25 lines per page and no more than 10 characters per inch. The reporter shall indicate at the bottom of each page the name of the witness, the name of counsel examining, and the type of examination (e.g., direct, cross). Appended to the transcript shall be a table with page references reflecting the names of the witnesses, the type of examination and the points at which exhibits were offered and admitted or refused. The reporter shall file the original of the completed transcript with the clerk of the trial court within the time fixed or allowed by these rules. The transcript shall be certified by the clerk as a part of the trial court record.

(Emphasis added.) Because W.R.A.P. 3.02(d) requires a certified transcript for review on appeal, a question arises regarding whether Mother's "unofficial" transcript is sufficient to meet the requirements of our appellate rules.

[¶ 7] We discussed the necessity of providing a proper transcript under former W.R.A.P. 4.02 (now W.R.A.P. 3.02) in *Lindsey v. State*, 725 P.2d 649, 652 (Wyo.1986):

Although Lindsey does not present this contention we also note that, in accordance with Rule 4.02, W.R.A.P., the failure to transcribe the tape recordings would be a ground for not considering them.

. . .

It has been a long-standing policy of this court that the record on appeal should include a **proper transcript** of the proceedings in the trial court, and **in the absence of a properly certified transcript of those proceedings this court will not consider them.** *Salt River Enterprises v. Heiner*, Wyo., 663 P.2d 518, 520 (1983), citing *Roy v. Union Mercantile Company*, 3 Wyo. 417, 26 P. 996 (1891); *In re Basin State Bank*, 43 Wyo. 1, 296 P. 1074 (1931); *Northwestern Terra Cotta Company v. Smith–Turner Hotel Company*, 47 Wyo. 190, 33 P.2d 915 (1934). **An alternative to a transcript is recognized in Rule 4.03, W.R.A.P., which permits the appellant to prepare a statement of the evidence,** to be approved by the district court in those instances in which a transcript is unavailable. Delphine Lindsey did not pursue that alternative for a transcript in this case.

(Emphasis added and footnote omitted.) Despite Lindsey's noncompliance with our appellate rules, we chose, in the interest of justice, to review the materials submitted. *Id.* However, in doing so, we explained that:

We do not intend to recede from our rule that a transcript rather than the electronic recordings should be provided in this court if claims of error are asserted based upon matters in the record and no statement of the case has been prepared in accordance with Rule 4.03, W.R.A.P.

*Id.* at 652–653.

[¶ 8] The case before us differs slightly from *Lindsey* in that a transcript of the electronic recordings was provided. Howev-

er, the transcript is still insufficient because it was not certified in accordance with W.R.A.P. 3.02(d).[3] A properly certified transcript serves an essential function. When certified, a transcript is received as prima facie evidence of the facts, testimony, evidence, and proceedings set forth in the transcript. W.R.A.P. 3.02(d). An uncertified transcript is unreliable. For example, the "unofficial" transcript in this case contains many instances where blank spaces were left and notations made because the tapes were inaudible. The transcript omits testimony in places where it appears a new tape was inserted. The transcript also reflects a summary of testimony made by the court because it inadvertently failed to record a portion of the proceeding. We note also that if a certified transcript is unattainable, an appellant may provide an adequate appellate record by complying with W.R.A.P. 3.03 and may find an unofficial transcript helpful in that regard.[4]

[¶ 9] Although we could decline consideration of the unofficial transcript, Father did not object to the state of the record and referred to the unofficial transcript throughout his appellate brief. In light of the important interests at stake and the lack of objection by Father, we have, in the exercise of our discretion, determined that review of the record as reflected by the unofficial transcript is appropriate.

## I. Motion for Judgment on the Pleadings

[¶ 10] Mother claims the district court erred when it denied her motion for judgment on the pleadings. She asserts that such judgment was proper because Father's petition for modification was technically deficient. Mother contends that Father failed to assert any issues of material fact to support the alleged material change in circumstances. She claims that, as a result of Father's lack of specificity, she was unable to adequately prepare a defense.

[¶ 11] Motions for judgment on the pleadings are authorized by W.R.C.P. 12(c), which provides: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." We have stated that "[a] defendant is entitled to judgment on the pleadings if the undisputed facts appearing in the pleadings, supplemented by any facts of which the trial court may take judicial notice, establish that no relief can be granted." *Johnson v. Griffin*, 922 P.2d 860, 861–62 (Wyo.1996). "Our review is akin to consideration of a motion to dismiss under W.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We consider the allegations of the complaint to be true, and view them in the light most favorable to the plaintiff." *Box L Corp. v. Teton County*, 2004 WY 75, ¶ 2, 92 P.3d 811, 813 (Wyo.2004) (internal citation omitted).

[¶ 12] In his petition, Father generally alleged that the "conditions surrounding the child and the parties hereto have materially changed." We have previously determined that notice pleading is recognized by our rules of civil procedure. *Jackson State Bank v. Homar*, 837 P.2d 1081, 1085 (Wyo.1992); W.R.C.P. 8(a)(1). "Technical forms of pleading are not required under the rules...." *Id.* at 1086. Rather, the "obligation of every pleader [is] to apprise his adversary of the nature of the claim against him." *Id.* at 1085.

[¶ 13] In light of these standards, we agree with the district court that Father's general allegation was sufficient to apprise Mother of the nature of the claim against her. Although Mother contends that she arrived at trial with very little knowledge concerning the specific facts to support Father's claim, those facts could have been fleshed out during the discovery process.[5]

---

3. The "unofficial" transcript also fails to comply with the other technical requirements set forth in W.R.A.P. 3.02(d).

4. No such attempt was made in the matter here. We would be able to consider an unofficial transcript, or relevant portions thereof, if incorporated into a properly approved and settled W.R.A.P. 3.03 statement of the evidence.

5. We also note that Mother did not file a motion for a more definite statement pursuant to W.R.C.P. 12(e), which provides:
   If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a

In *Watts v. Holmes,* 386 P.2d 718, 719 (Wyo. 1963), we explained that:

> to the pleadings is assigned the task of general notice giving; the task of narrowing and clarifying the basic issues, ascertaining the facts relative to those issues, is the role of deposition-discovery process aided by the pretrial hearing. In other words, a pleading should give notice of what an adverse party may expect, and issues should be formulated through deposition-discovery processes and pretrial hearings.

We find no error in the district court's denial of Mother's motion for judgment on the pleadings.

## II. Modification of Child Custody

[¶ 14] Mother next challenges the district court's decision to modify custody. First, she claims the district court improperly relied on evidence pertaining to the parties' lifestyles prior to the May 27, 1998 order ("pre-order evidence") to show a material change in circumstances. Second, she claims the district court erred in ordering the discovery of her mental health records.

[¶ 15] Wyo. Stat. Ann. § 20–2–204(c) (LexisNexis 2005) provides in pertinent part:

> (c) A court having jurisdiction may modify an order concerning the care, custody and visitation of the children if there is a showing by either parent of a material change in circumstances **since the entry of the order in question** and that the modification would be in the best interests of the children pursuant to W.S. 20–2–201(a)....

(Emphasis added.) Father, as the party seeking modification of child custody, has the burden of establishing that a change in circumstances affecting the child's welfare has occurred after the entry of the initial decree,

that the change warrants modification of the decree, and that the modification will be in the best interests of the child. *DJG v. MAP,* 883 P.2d 946, 947 (Wyo.1994). The modification of a paternity decree respecting custody of a child lies within the sound discretion of the trial court. *Id.*

> This [C]ourt will not interfere with the decision of the trial court in child custody questions unless there is a procedural error or unless there is shown to be a clear abuse of discretion. A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances, as is said to mean an error of law committed by the court under the circumstances.

*Id.* "Under this standard, we view the evidence in the light most favorable to the district court's determination. We give the prevailing party all favorable inferences and do not consider the evidence presented by the unsuccessful party." *Selvey v. Selvey,* 2004 WY 166, ¶ 15, 102 P.3d 210, 214 (Wyo. 2004) (internal citation omitted). The admission of evidence is a matter left to the sound discretion of the district court. *Brown v. Michael Pryor, P.C.,* 954 P.2d 1349, 1350 (Wyo.1998). Evidentiary rulings will not be disturbed on appeal unless a clear abuse of discretion is demonstrated. *Id.*

[¶ 16] Mother contends the district court erred by permitting pre-order evidence as a benchmark to determine whether there had been a material change in circumstances. Mother claims the district court improperly allowed Mother to be questioned by Father's attorney "about things which happened before the order" and allowed testimony by Father "relating to his childhood" over her objection.[6] In making her claim, Mother fails to identify any specific evidence that she considers improper. As the appel-

party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike

the pleading to which the motion was directed or make such order as it deems just.

6. Mother concedes that pre-order evidence may be relevant for purposes of determining the best interests of the child. *See, e.g., Selvey,* 102 P.3d 210. She claims, however, that the admission of pre-order evidence served no valid purpose in this case.

lant, Mother "has the burden of directing our attention to those parts of the record on which [s]he relies." *State Sur. Co. v. Lamb Constr. Co.*, 625 P.2d 184, 191 (Wyo.1981) (citing former W.R.A.P. 5.01(3); and *Dechert v. Christopulos*, Wyo., 604 P.2d 1039, 1044 (1980)). Mother's vague assertions unsupported by citation to the record do not comply with the requirements of W.R.A.P. 7.01(f)(1) and, therefore, we need not consider her contention. *See e.g., Weisbrod v. Ely*, 767 P.2d 171, 176–177 (Wyo.1989) (declining to consider the appellant's contention because he failed to comply with former W.R.A.P. 5.01(4), now W.R.A.P. 7.01(f)(1)).

[¶ 17] We would also point out that there is no indication that the district court improperly relied on pre-order evidence in making its determination that a material change in circumstances occurred. As explained by the district court:

The first issue the Court considers is whether there has been a change of circumstances sufficient to warrant modification of the May 27, 1998 *Order Establishing Paternity, Custody, and Support.* The evidence indicates that there has been a significant, positive change in Father's life. He has secured stable employment and continues to advance in his career. He has become financially responsible for himself and his family for a number of years. Additionally, his home life is stable and healthy for a child: Father does not engage in illegal or disruptive behaviors; he is a devoted family man; and he has placed his family and [Daughter] at the forefront of his priorities. **Since 1998**, Father has shown steady and continuous progress toward becoming [a] positive role model and responsible parent. [Father] has greatly improved his situation to the point that he is in the best position to provide [Daughter] with a stable, loving, comfortable family environment. Taken together, these changes are significant and truly genuine.

**To the contrary, Mother's life since 1998 has been anything but responsible.** Her numerous encounters with the criminal justice system, failures to maintain employment; disruptive relocations; and numerous relationships are a far cry from providing the stability that [Daughter] needs. She continues her general cycle of unemployment and, even when briefly employed, fails to arrange suitable supervision for her child. She and Mr. Brazelton testify to "dreams" that this Court finds somewhat unattainable given their past and present situation. Mother has done little to improve her life, to become independent and self sustaining, or to establish and maintain a stable family environment for herself and her children. True enough, Mother has shown some very recent improvement, but still has not shown an ability to care for or to provide any stability for her children for any significant period of time. However, late efforts to "patch" a dysfunctional lifestyle are simply insufficient. The fact that Mother has been employed for one month or that [Daughter] had, for the first time, managed no absences or tardies at school (so far this year) is not sufficient enough to convince this court that [Mother] will continue to improve her life for the benefit of her children. . . . In looking at the totality of the circumstances and the progress, or lack thereof, made by each parent **since 1998**, this Court easily concludes that Father's ability to act as a responsible parent has surged ahead of that of Mother. The fact that Mother has, at best, maintained her ability to act as a parent **consistent with her ability at the time of the 1998 Order** does not preclude a finding that there has been a material change of circumstances sufficient to warrant modification. *See Thompson v. Thompson*, 824 P.2d 557 (Wyo.1992). In this case, the evidence indicates that there has, in fact, been a material change of circumstance sufficient to warrant modification.

(Emphasis added.) The decision letter reflects that the district court appropriately based its decision upon the change in circumstances occurring after entry of the 1998 order.

[¶ 18] Mother also challenges the district court's order requiring production of her mental health records. She claims the records were not discoverable because they are privileged. Father, on the other hand, claims the records are discoverable because

Mother waived the privilege when she put her mental health at issue by asserting she is a fit and proper parent.

[¶ 19] We review a district court's ruling on discovery matters under our abuse of discretion standard. *Harston v. Campbell County Mem. Hosp.*, 913 P.2d 870, 875 (Wyo. 1996). Despite the district court's order, Mother failed to produce her mental health records. The records were never introduced at trial and were not relied upon by the court in making its custody determination. We need not address Mother's contention on the merits because regardless of whether the district court erred in ordering production of her records, Mother cannot establish any prejudicial error. *Inskeep v. Inskeep*, 752 P.2d 434, 436 (Wyo.1988) (limiting review to "a showing of prejudicial error from an abuse of discretion").

[¶ 20] Affirmed.