278 P.3d 234 (2012)
2012 WY 75
In the Matter of U.S. CURRENCY TOTALING $7,209.00.
Joseph Libretti and Frank A. Hohlios, Appellants (Claimants),
v.
The State of Wyoming, Appellee (Plaintiff).
No. S-11-0243.
Supreme Court of Wyoming.
May 30, 2012.
*235 Representing Appellants: Joseph Libretti and Frank A. Hohlios, pro se.
Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General.
Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.
GOLDEN, Justice.
[¶ 1] This is an appeal from a forfeiture order entered by the district court against a total of $116,584.43 and certain items of personal property. The cash and personal property *236 were seized from several individuals because of their alleged use in violation of the Wyoming Controlled Substances Act. Appellants Joseph Libretti (Libretti) and Frank Hohlios (Hohlios) claim $7,209.00 of the cash seized and appeal the forfeiture order, contending that the district court erred in holding an evidentiary hearing without ruling on their motions to dismiss or for a more definite statement, and in denying them the opportunity to file answers, conduct discovery, file summary judgment motions or avail themselves of the right to a jury trial. We affirm.

ISSUES
[¶ 2] Libretti and Hohlios filed a joint brief on appeal, acting pro se, and presented the following issues for review:
I. The District Court erred in not ruling on the claimants' Motion to Dismiss/Motions for more Definite Statement.
II. The District Court erred in not allowing claimants to file an Answer, conduct discovery, and file Motions for Summary Judgment.
III. The District Court erred in not ruling on, and not granting, Claimants' Motions for more Definite Statement.
IV. Claimants were wrongly denied a Jury trial.
V. If the August 10, 2011 proceeding was only an evidentiary hearing, as Plaintiff claims, and not a trial, then the Court lacked authority to enter its judgment.
VI. Claimant Frank Hohlios was unfairly denied his right to be heard at trial.

FACTS
[¶ 3] On February 16, 2011, the State of Wyoming (State) filed in district court a Verified Complaint For Forfeiture In Rem (Forfeiture Complaint). The Forfeiture Complaint alleged that $116,584.43, three vehicles, and one firearm, seized from several different individuals, had been used in violation of the Wyoming Controlled Substances Act, and that the items were therefore subject to forfeiture pursuant to Wyo. Stat. Ann. § 35-7-1049. Most of the persons from whom the property was seized did not respond, and default judgment was entered against those individuals. Libretti and Hohlios, who between them claimed $7,209.00 of the seized cash, both timely responded to the Forfeiture Complaint with the filing of motions to dismiss or in the alternative for a more definite statement. Hohlios filed his motion on March 28, 2011, and Libretti filed his motion on May 23, 2011.
[¶ 4] On June 1, 2011, the district court contacted Libretti by letter concerning his filing. Through that letter, the district court directed Libretti to submit a request for a hearing, as follows:
I acknowledge receipt of your letter concerning the referenced case. Your letter has been filed in the court file in the matter and a copy forwarded to [the State].
Please submit a request for setting, requesting a hearing on your motion. Upon receipt, a hearing will be set to allow you to present the matter to the Court for consideration.
[¶ 5] On June 8, 2011, the State filed a Motion for Setting on Complaint for Forfeiture, requesting that the court set the Forfeiture Complaint for hearing, and on June 10, 2011, the district court issued a Notice of Setting. The Notice of Setting notified the parties that a hearing on the Forfeiture Complaint had been set for August 10, 2011. Specifically, the Notice of Setting provided:
NOTICE IS GIVEN that Wednesday, August 10, 2011, at 10:30 a.m. or as soon thereafter as the matter can be heard, is hereby set for a hearing on the Complaint for Forfeiture for one hour before Judge Catherine E. Wilking. [Emphasis in original.]
[¶ 6] On June 15, 2011, Libretti filed a motion to appear at "Motion Hearings" by telephone, and on June 20, 2011, the court issued an Order Granting Motion to Appear by Telephone, which stated, in relevant part:
NOW, THEREFORE, IT IS ORDERED that the Motion for Telephonic Appearance at Motion Hearings, be, and hereby is, granted.

*237 IT IS FURTHER ORDERED that Joseph V. Libretti, Jr. shall appear at the hearing on the Complaint for Forfeiture scheduled for August 10, 2011, at 10:30 a.m. by telephone.
[¶ 7] On August 10, 2011, the district court held the evidentiary hearing on the State's Forfeiture Complaint. Libretti appeared by telephone and objected when the court called the hearing as an evidentiary hearing. Libretti informed the court that he understood that the hearing was to be a hearing on the pending motions to dismiss and not an evidentiary hearing on the merits, and that he was not prepared to present evidence. The court overruled Libretti's objections and proceeded with the evidentiary hearing on the State's Forfeiture Complaint. The State presented the testimony of Special Agents Zach Winter and Taylor Courtney of the Wyoming Division of Criminal Investigation, and Libretti testified on his own behalf.
[¶ 8] With a cover letter dated August 16, 2011, counsel for the State provided the district court with a draft order of forfeiture and also related the following:
There is another matter I believe I must relate to the Court. After the hearing was adjourned, a man in the back of the courtroom asked when he would get his chance to be heard. I asked him who he was, and he identified himself as Frank Hohlios. Mr. Hohlios then left the room before anyone could answer him. He seemed agitated.
In order to avoid an ex parte communication, I am sending copies of this letter to Mr. Hohlios and Mr. Libretti. Please let me know if you have any questions about this.
[¶ 9] On August 26, 2011, the district court issued its Forfeiture Order. It ordered the forfeiture of the cash and personal property, based on the following findings:
This matter came before the Court on Plaintiff's Verified Complaint for Forfeiture In Rem. The Complaint covered all of the Defendant Property listed in the caption, and named several potential claimants. All but two of the potential claimants failed to answer, and the Clerk of this Court has entered their defaults. The claimants who answered are Joseph Libretti, and Frank Hohlios (on behalf of the estate of Brian Hohlios).
This Court held a hearing on the Complaint on August 10, 2011. Counsel for the Plaintiff appeared in person, and Mr. Libretti appeared by telephone. Plaintiff called two witnesses, Special Agents Zach Winter and Taylor Courtney of the Wyoming Division of Criminal Investigation. The agents testified about the investigation that led to the seizure of currency from Mr. Libretti and Mr. Hohlios, and both opined that the seized funds were proceeds from violations of the Wyoming Controlled Substances Act. Plaintiff introduced one exhibit, which both agents identified as a "pay/owe sheet" confiscated from Brian Hohlios. Mr. Libretti testified on his own behalf.
This Court finds that the testimony of Agents Winter and Courtney was credible and persuasive. The Court further finds that Plaintiff has proven by a preponderance of the evidence that the funds seized from Mr. Libretti and Mr. Hohlios were proceeds from violations of the Wyoming Controlled Substances Act. Accordingly, it is the order of this Court that those funds are forfeited to the State of Wyoming in accordance with WYO. STAT. ANN. 35-7-1049.
[¶ 10] By letter filed August 29, 2011, Judge Wilking responded to the State's letter, with copies to Hohlios and Libretti. The letter stated:
Thank you for relating what happened in the courtroom after adjournment. Mr. Hohlios did not notify the Court that he would be present at the hearing or of his desire to be heard. There were several individuals in the courtroom when the case was called, and the Court was unaware of his presence.
[¶ 11] On September 8, 2011, Hohlios and Libretti filed their Joint Notice of Appeal from the district court's Forfeiture Order. The August 10, 2011, hearing was not reported, and the parties therefore filed statements of evidence pursuant to W.R.A.P. 3.03. On October 17, 2011, the district court issued an *238 order stating that "for the purposes of W.R.App.P. 3.03, the statement of evidence presented by Joseph Libretti, and later clarified by The State of Wyoming is settled and approved for purposes of appeal in this matter."

STANDARD OF REVIEW
[¶ 12] "We review the construction of rules of procedure in the same manner and under the same standards as we do statutes, i.e., they present questions of law that we review de novo." Six v. State, 2008 WY 42, ¶ 8, 180 P.3d 912, 916 (Wyo.2008) (citing Bixler v. Oro Management, LLC, 2006 WY 140, ¶ 5, 145 P.3d 1260, 1262 (Wyo.2006)). Where action on a motion to dismiss involves a question of law, this Court's review is likewise de novo. Wilson v. Bd. of Cty. Comm'rs of Teton Cty., 2007 WY 42, ¶ 11, 153 P.3d 917, 921 (Wyo.2007). To the extent that this appeal presents constitutional claims, those claims are also reviewed de novo. Meyers v. State, 2005 WY 163, ¶ 8, 124 P.3d 710, 714 (Wyo.2005).
[¶ 13] This Court reviews claims of error in the denial of a motion for a more definite statement pursuant to an abuse of discretion standard. Mead v. Leo Sheep Co., 32 Wyo. 313, 318, 232 P. 511, 512 (1925). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." Wilson v. Lucerne Canal & Power Co., 2003 WY 126, ¶ 11, 77 P.3d 412, 416 (Wyo.2003) (quoting Pasenelli v. Pasenelli, 2002 WY 159, ¶ 11, 57 P.3d 324, 329 (Wyo.2002)). We will find an abuse of discretion when the district court's disposition shocks the conscience of this Court and appears so unfair and inequitable that reasonable persons could not abide it. DeJohn v. DeJohn, 2005 WY 140, ¶ 11, 121 P.3d 802, 807 (Wyo.2005).
[¶ 14] The final three issues presented by Libretti and Hohlios, which assert error in the holding of an evidentiary hearing rather than a jury trial, and in the denial of Hohlios' right to be heard, were raised for the first time on appeal. We therefore use a plain error analysis in reviewing those claims. Rathbun v. State, 2011 WY 116, ¶ 28, 257 P.3d 29, 38 (Wyo.2011). To show plain error, an appellant "must establish, by reference to the record, a violation of a clear and unequivocal rule of law in a clear and obvious, not merely arguable, way and that the violation adversely affected a substantial right resulting in material prejudice." Jealous v. State, 2011 WY 171, ¶ 11, 267 P.3d 1101, 1104 (Wyo.2011) (citing Cazier v. State, 2006 WY 153, ¶ 10, 148 P.3d 23, 28 (Wyo. 2006)). To establish material prejudice, an appellant "must show a reasonable possibility exists that he would have received a more favorable verdict in the absence of the errors." Jealous, ¶ 11, 267 P.3d at 1104 (citing Pendleton v. State, 2008 WY 36, ¶ 11, 180 P.3d 212, 216 (Wyo.2008)).

DISCUSSION

A. Holding of Evidentiary Hearing Before Ruling on Pending Rule 12 Motions

[¶ 15] In their first two issues, Libretti and Hohlios contend that the district court erred in holding an evidentiary hearing on the merits of the State's Forfeiture Complaint before ruling on their motions to dismiss and for a more definite statement. They argue the court's action deprived them of the opportunity to file answers, conduct discovery and file summary judgment motions. We disagree.
[¶ 16] The district court was not required to rule on the pending Rule 12 motions before the hearing on the merits. Rule 12 itself contemplates that a trial court may postpone decision on pending Rule 12 motions until the evidentiary proceeding on the merits. It provides:
* * * The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court:
(1) If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be *239 served within 10 days after notice of the court's action[.]
W.R.C.P. 12(a)(1).
[¶ 17] Additionally, nothing in the district court's action precluded or in any manner interfered with the ability of Libretti and Hohlios to file answers, conduct discovery or file summary judgment motions. Rule 12 allows a party to assert certain defenses by motion before filing an answer to a complaint, but it does not preclude the filing of an answer while that motion is pending. Likewise, Libretti and Hohlios were free at any time to conduct discovery and file motions for summary judgment. See W.R.C.P. 26(d) (sequence and timing of discovery); W.R.C.P. 56(b) (party against whom a claim is asserted may move "at any time" for summary judgment).
[¶ 18] Indeed, pursuant to Rule 12(a)(1), Libretti and Hohlios should have filed an answer within ten days after receiving notice from the district court setting the hearing on the Forfeiture Complaint. That order implicitly postponed hearing on the pending motions until the hearing on the merits of the complaint, and Rule 12(a)(1) thus required the filing of an answer within ten days of that order. If there were any confusion concerning the subject of that hearing, that confusion should have been resolved by the district court's subsequent order authorizing Libretti to appear by phone. In one paragraph, that order authorized Libretti to appear by phone at the motions hearing, and in a separate paragraph, it authorized Libretti to appear by phone at the hearing on the Forfeiture Complaint, both hearings on the same date. The district court's orders made it clear that any pending motions would not be heard before the hearing on the Forfeiture Complaint, and Libretti and Hohlios were thus on notice to file their responsive pleadings.
[¶ 19] Finally, we reject the contention of Libretti and Hohlios that the district court erred in not ruling on their Rule 12 motions. Implicit in the district court's Order of Forfeiture, which granted the State its requested relief, was the court's denial of the pending Rule 12 motions. The record is not clear whether argument was heard on the motions during the August 10th evidentiary hearing, but it is clear that the district court instructed Libretti to request a setting if he wished to be heard on the motions. Moreover, Rule 6 of the Wyoming Rules of Civil Procedure requires the moving party to request a hearing on any pending motion, and it authorizes the court to rule on such motions without a hearing. W.R.C.P. 6(c)(2). Thus, the district court did rule on the motions, and whether the court did so with or without a hearing on the motions, it acted within its authority under the Wyoming Rules of Civil Procedure.

B. Denial of the Motions for More Definite Statement

[¶ 20] In their third issue, Libretti and Hohlios contend that the district court erred in denying their motions for a more definite statement. We find no abuse of discretion in the court's denial of the motions.
[¶ 21] Rule 12 of the Wyoming Rules of Civil Procedure allows a party to move for a more definite statement if the complaint to which that party must respond is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." W.R.C.P. 12(e). Concerning the specificity required in pleading, this Court has also held:
"We have previously determined that notice pleading is recognized by our rules of civil procedure." BB v. RSR, 2007 WY 4, ¶ 12, 149 P.3d 727, 732 (Wyo.2007). Litigants need not present their claims in any technical language or form, and pleadings must be liberally construed to ensure substantial justice. Harris v. Grizzle, 599 P.2d 580, 583 (Wyo.1979); see also W.R.C.P. 8(e)(1), 8(f). However, notice pleading imposes the "fundamental ... obligation of every pleader to apprise his adversary of the nature of the claim against him." Glover v. Giraldo, 824 P.2d 552, 556 (Wyo.1992). A complaint is sufficient if it provides the opposing party fair notice of the claims against him. Lynch v. Patterson, 701 P.2d 1126, 1134 (Wyo.1985). See also Jackson State Bank v. Homar, 837 P.2d 1081, 1085-86 (Wyo.1992).
*240 Krenning v. Heart Mountain Irrigation Dist., 2009 WY 11, ¶ 30, 200 P.3d 774, 783 (Wyo.2009).
[¶ 22] The Wyoming statute governing forfeitures and seizures in connection with the trafficking of controlled substances provides that the following property is subject to forfeiture:
Any property or other thing of pecuniary value furnished in exchange for a controlled substance in violation of this act including any proceeds, assets or other property of any kind traceable to the exchange and any money, securities or other negotiable instruments used to facilitate a violation of this act. Property used or furnished without the consent or knowledge of the owner is not forfeitable under this section to the extent of his interest.
Wyo. Stat. Ann. § 35-7-1049(a)(viii) (LexisNexis 2011).
[¶ 23] The State brought its Forfeiture Complaint pursuant to Wyo. Stat. Ann. § 35-7-1049, and in reference to the property of Libretti and Hohlios, it stated:
10. During the period of September, 2009 through June, 2010, through information received, surveillance of the persons and residences and other investigative means, Agent[s] identified Ronald Ennis, William Breedan, Nathan Goen, Randa Fowler, Michael George, Bobbie Jo Tucker, Joseph Libretti, Kimberly Croy, Linda Montoya, Brian Hohlios, and other individuals as users, co-conspirators, and distributors of controlled substances. These transactions took place primarily in the Casper, Natrona County, Wyoming area.
* * * *
23. On June 2, 2010, Agents executed a federal search warrant for the residence of Libretti and Hohlios located at [address], Casper, Natrona County, Wyoming. During the course of the search, Agents confiscated controlled substances, drug paraphernalia, and $7,209.00 in U.S. Currency.
* * * *
29. The State alleges the $116,548.43, five conveyances and one firearm sought to be forfeited constitutes funds and property that were used, or intended for use, in the delivery or receipt of controlled substances, or were otherwise used to facilitate a violation of the Wyoming Controlled Substances Act, as amended.
[¶ 24] The State's Forfeiture Complaint adequately informed Libretti and Hohlios of the basis for the State's claim against their property. If Libretti and Hohlios felt additional information was required to defend against the claim, that information could have been obtained through discovery. See BB v. RSR, 2007 WY 4, ¶ 13, 149 P.3d 727, 733 (Wyo.2007) ("[A] pleading should give notice of what an adverse party may expect, and issues should be formulated through deposition-discovery processes and pretrial hearings."). We thus find no abuse of discretion in the district court's denial of Libretti and Hohlios' motions for a more definite statement.

C. Denial of Jury Trial

[¶ 25] In their fourth and fifth issues, Libretti and Hohlios argue that the district court erred in denying them their right to a jury trial, and they further contend that the court was without power to issue a decision because it did not hold a "trial." As we noted in our standard of review, these issues were not raised below and are thus subject to a plain error analysis.
[¶ 26] With respect to Libretti and Hohlios' right to a jury trial, their argument fails one of the prongs of the plain error analysis, namely, the violation of a clear and unequivocal rule of law. Assuming for purposes of this analysis that Libretti and Hohlios were entitled to a jury trial, Rule 38 provides, in relevant part:
(1) By Whom; Filing.Any party may demand a trial by jury of any issue triable of right by a jury by (A) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (B) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
* * * *

*241 (d) Waiver.The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.
W.R.C.P. 38(b)(1), (d).
[¶ 27] Libretti and Hohlios could have filed a jury demand at any time after the commencement of the State's forfeiture action, but they never filed such a demand. Additionally, as noted earlier in this opinion, Rule 12(a)(1) required Libretti and Hohlios to file their answers within ten days of the court's notice that it would be proceeding to a hearing on the merits of the State's Forfeiture Complaint before ruling on the pending Rule 12 motions. Thus, not only was there no jury demand for the district court to deny, Libretti and Hohlios affirmatively waived their right to a jury trial when they failed to file a timely jury demand. The district court did not commit plain error in proceeding with a bench trial rather than a jury trial.
[¶ 28] This brings the Court to Libretti and Hohlios' contention that the district court was without authority to enter judgment because it held an "evidentiary hearing" rather than a "trial." This contention does not present an alleged violation of a clear and unequivocal rule of law, but is instead a question of semantics. It is clear from the record that the district court took evidence on the State's Forfeiture Complaint, including at least one exhibit and the testimony of two DCI agents and Libretti himself. In other words, the court held a bench trial. In the absence of a jury demand, the court acted within its authority in issuing its order following the bench trial, regardless of the terminology used to describe the proceeding. See W.R.C.P. 39(b) ("Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court.").

D. Denial of Hohlios' Right to be Heard

[¶ 29] In his final issue on appeal, Hohlios claims that he was denied the right to be heard at trial because he was present in the courtroom, but was not permitted to participate in the proceeding. Because this issue is also one that was not raised below, we use a plain error analysis in reviewing the claimed error.
[¶ 30] The failure in Hohlios' claim under the plain error analysis is his inability to establish, "by reference to the record," a violation of a clear and unequivocal rule of law. See Jealous, ¶ 11, 267 P.3d at 1104. The parties' Rule 3.03 statements stipulated that Hohlios was present in the courtroom, but the record is devoid of substantiated evidence of Mr. Hohlios' assertion that he attended the evidentiary hearing with the intention of participating, but was denied access to counsels' tables by courtroom security personnel. Additionally, the district court, by letter after the hearing, confirmed that the court was unaware that Hohlios was present and desired to participate in the proceedings. The court stated, "Mr. Hohlios did not notify the Court that he would be present at the hearing or of his desire to be heard. There were several individuals in the courtroom when the case was called, and the Court was unaware of his presence."
[¶ 31] Under these circumstances, the record does not demonstrate that Hohlios was denied the right to be heard. As a pro se litigant, Hohlios was entitled to some leniency in the stringent standards applied to attorneys, but he also had an obligation to reasonably adhere to the "procedural rules and requirements of the court." Young v. State, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo.2002). One such requirement was to inform the district court of his presence in the courtroom and his desire to be heard and participate in the hearing. The record does not support Hohlios' contention that he asserted his right to participate in the hearing or that the district court denied him that right. We thus find no plain error.

CONCLUSION
[¶ 32] The district court acted in accordance with the Wyoming Rules of Civil Procedure in ruling on the State's Forfeiture Complaint and did not deny the rights of Libretti and Hohlios to file answers, conduct discovery, file summary judgment motions, *242 or otherwise fully participate in the proceedings.[1]
NOTES
[1] Libretti and Hohlios introduced their arguments on appeal with the contention that the forfeiture of their property was a form of criminal punishment that was exacted without due process of law. First, as discussed in the opinion, the district court's ruling on the State's Forfeiture Complaint complied with the procedural requirements under the Wyoming Rules of Civil Procedure. Furthermore, the premise that a civil forfeiture is a form of criminal punishment is not accurate. See Doles v. State, 2007 WY 119, ¶ 13, 163 P.3d 819, 823 (Wyo.2007) (discussing the differences between criminal proceedings and civil forfeiture proceedings). We thus also reject the claims of Libretti and Hohlios to the extent they assert constitutional violations based on a criminal punishment analysis.